[No. 10693. Department Two. December 17, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. AXEL NESS, *alias* AXEL NIST, *Appellant*.[1]

CRIMINAL LAW—APPEAL—HARMLESS ERROR. It is not prejudicial error to refuse to strike from an information the name of defendant's confederate and his aliases, where the matter objected to was heard at the trial without objection, although the confederate was dead.

HOMICIDE—EVIDENCE OF OTHER CRIMES—MOTIVE. As evidence of another crime is admissible when it tends to establish motive, possession by defendant of a burglar's jimmy may be shown in a prosecution for manslaughter, the defendant having shot and killed an officer when commanded to halt.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 11, 1912, upon a trial and conviction of murder in the second degree. Affirmed.

*Ivan Blair*, for appellant.

*John F. Murphy, H. B. Butler*, and *Hugh M. Caldwell*, for respondent.

MAIN, J.—The appellant was first charged, together with one John Ford, alias Ryan, alias Loffey, by information filed in the superior court of King county, with the crime of murder in the first degree. Upon such information, a trial was subsequently had, which resulted in a verdict of guilty of murder in the second degree. Motion for a new trial being made and overruled, the plaintiff was sentenced to a term

[1]Reported in 128 Pac. 664.

in the penitentiary at Walla Walla, from which sentence
and judgment overruling the motion for a new trial, an ap-
peal was taken, and this court, in *State v. Nist*, 66 Wash.
55, 118 Pac. 920, reversed the case and remanded the same
for a new trial. After the cause had been remanded for a
new trial, the appellant was charged by information with
the crime of murder in the second degree. Omitting the for-
mal parts, the information reads as follows:

"That said Axel Ness alias Axel Nist and John Ford alias
Ryan alias Loffey, and each of them, in the county of King,
state of Washington, on the 23rd day of February, 1911,
did wilfully, unlawfully, feloniously and with a design to
effect the death of one Judson P. Davis, shoot at, towards
and into the body of said Judson P. Davis with certain
deadly weapons, to wit: revolver-pistols, then and there
loaded with powder and bullet, and then and there held by
them, the said Axel Ness alias Axel Nist and John Ford
alias Ryan alias Loffey, and each of them, thereby mortally
wounding said Judson P. Davis, of which said mortal wound
said Judson P. Davis then and there died."

On March 8, 1912, when this information was filed, John
Ford, one of the persons named therein, had been dead for
more than twelve months. The appellant moved to quash the
information because of the fact that Ford was joined as a
party, or in lieu thereof to strike from the information all
reference to him, which motions were overruled. Subse-
quently the cause came on for trial, and the jury returned a
verdict finding the appellant guilty of manslaughter. Mo-
tion for a new trial was seasonably made and overruled, and
the appellant sentenced to the state penitentiary at Walla
Walla, from which judgment and sentence the case is brought
here on appeal.

The evidence in the case discloses that, on the evening of
February 23, 1911, two policemen of the city of Seattle, in
civilian dress, Judson P. Davis and H. C. Smith, were on
Boylston avenue in the city of Seattle, under orders from
the chief of police to patrol that neighborhood. While

standing on the corner of Boylston avenue and Olive street, they were passed by two persons whom they for some reason took to be suspicious characters, and thereupon followed them. The two persons were the appellant and Ford. After proceeding north on Boylston avenue about two blocks, appellant and Ford turned out into the street. Smith, one of the officers, called to them to halt. Immediately they wheeled about and one of them, speaking in a voice which suggested a Scandinavian accent, a characteristic of the speech of the appellant, called "Hands up, hands up, don't move an inch." The officers obeyed the command, but drew their weapons simultaneously. Either appellant or Ford or both of them then fired upon the officers and a desperate fight ensued, in which Davis, one of the officers, was killed and Ford was mortally wounded, dying a day or two later. The appellant was wounded in the thigh and escaped, and was found shortly afterwards in a pit about two blocks from the scene of the shooting in an apparently unconscious or dazed condition. A burglar's jimmy was found within a few inches of his left hand, which tool it appears from the evidence had been in possession of the appellant at the time of the shooting. This instrument is one used for the purpose of prying open doors, windows, boxes, etc. Upon the trial, the burglar's jimmy was, by the state, offered in evidence as an exhibit, and was received over the objection of the appellant.

The first error urged upon this appeal is that the court erred in overruling the motion to quash the information, or in lieu thereof to strike from the information the words "John Ford, alias Ryan, alias Loffey," for the reason that the use of these words cast upon the appellant an unjust opprobrium and was prejudicial to his legal rights. The facts as alleged in the information, including the matter objected to by the motion to quash and to strike, were proven upon the trial without objection. They were such facts as would have appeared in the evidence, even though they had not been set out in the information. The appellant's rights

were not prejudiced by the fact that he was jointly charged in the information with his confederate in crime. Nor did the use of these words tend in any manner to the prejudice of the substantial rights of the appellant upon the trial on the merits. The trial court ruled correctly on the motions directed against the information.

The second ground of error urged is that the court erred in admitting in evidence the burglar's jimmy; and it is contended that, inasmuch as under the statutes of this state the possession of a burglar's jimmy under the circumstances here detailed would constitute a crime, the introduction of the burglar's jimmy in evidence would be proof of a separate and distinct crime. The general rule of evidence applicable to criminal trials is well settled, to the effect that the state cannot prove against a defendant any crime not alleged in the information or indictment, either as a foundation for separate punishment or as aiding the proofs that he is guilty of the crime charged; but there are certain well defined exceptions to this rule which are as well settled as the rule itself, and one of these exceptions is that evidence of a distinct offense, not charged in the information, may be introduced and is competent to prove the specific crime charged, when it establishes, or tends to establish, motive. 12 Cyc. 410; *People v. Woods*, 147 Cal. 265, 81 Pac. 652, 109 Am. St. 151; *State v. Kent (State v. Pancoast)*, 5 N. D. 516, 67 N. W. 1052, 35 L. R. A. 518; *State v. Morgan*, 22 Utah 162, 61 Pac. 527; *People v. Molineux*, 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193. In this case the evidence of the possession of the burglar's jimmy by the appellant at the time he and Ford were called upon by the officers to halt and the shooting occurred, would tend to establish a motive for their conduct at that time, and was properly admitted upon the trial.

Judgment affirmed.

Mount, C. J., Fullerton, Ellis, and Morris, JJ., concur.